UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                               :

NICOLETTE WILLIAMS,                           :

                          Plaintiff,                              :

            -against-                     :    15-CV-01424 (PKC)

PACE UNIVERSITY,                               :

                        Defendant.                    :

------------------------------------------------------------x

## DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Defendant Pace University ("Pace"), by and through its attorneys, Cerasia & Del Rey-Cone LLP, answers the Complaint filed by plaintiff Nicolette Williams ("Williams") as follows:

1.      Pace denies the allegations in paragraph 1 of the Complaint, except admits that Williams purports to assert a claim for damages, injunctive relief, attorneys' fees and other relief under Title VI of the Civil Rights Act of 1964 ("Title VI"). Pace further denies that it engaged in any unlawful conduct toward Williams or that she is entitled to the relief requested in paragraph 1 of the Complaint, or to any other relief.

2.      Pace denies the allegations in paragraph 2 of the Complaint, except admits that Williams purports to assert a race discrimination claim under Title VI. Pace further denies that it engaged in any unlawful conduct toward Williams.

3.      Because the first sentence in paragraph 3 of the Complaint states a legal conclusion, no response is required. To the extent a response is required, Pace denies the allegations in the first sentence in paragraph 3 of the Complaint, except admits that Title VI generally prohibits race discrimination in programs and activities receiving federal financial

assistance. Pace denies the allegations in the second and third sentences in paragraph 3 of the Complaint, except admits, upon information supplied by Williams, that she is African-American.

4. Pace denies the allegations in paragraph 4 of the Complaint, except admits that this Court has jurisdiction over Williams's Title VI claim under 28 U.S.C. § 1331 and Title VI.

5. Pace denies the allegations in paragraph 5 of the Complaint, except admits that venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. Pace denies the allegations in paragraph 6 of the Complaint, except admits that Williams was a student in the graduate division of the Dyson College of Arts and Sciences of Pace and that she enrolled in that program in 2012.

7. Pace denies the allegations in paragraph 7 of the Complaint, except admits that Pace receives certain federal financial assistance.

8. Pace denies the allegations in paragraph 8 of the Complaint, except admits that, in January 2012, Pace accepted Williams as a provisionally matriculated student to the Master of Arts in Media and Communication Arts program (the "MCA program") for the Spring 2012 semester and, thereafter, Williams enrolled in the MCA program.

9. Pace denies the allegations in paragraph 9 of the Complaint.

10. Pace denies the allegations in paragraph 10 of the Complaint, except admits that in order to graduate, Williams needed to successfully complete a Comprehensive Examination upon completion of the MCA program.

11. Pace denies the allegations in paragraph 11 of the Complaint, except admits that, in May 2014, Williams took the Comprehensive Exam, which included three essay questions.

12. Pace denies the allegations in the first sentence in paragraph 12 of the Complaint, except admits that, in the Spring of 2014, eleven students took the Comprehensive Exam. Pace

denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences in paragraph 12 of the Complaint, in that it does not track the race of those who passed or failed the Comprehensive Exam, except admits that Williams failed her Comprehensive Exam.

13. Pace denies the allegations in paragraph 13 of the Complaint, except admits that students included their names on the Comprehensive Exam.

14. Pace denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore leaves Williams to her proof.

15. Pace denies the allegations in paragraph 15 of the Complaint, except admits that, on May 17, 2014, Dr. Maria Luskay informed Williams that she did not pass the Comprehensive Exam and that she had failed the "core course" question, which carried the most weight in the exam.

16. Pace denies the allegations in paragraph 16 of the Complaint, except admits that, on May 20, 2014, Williams appealed her failure of the Comprehensive Exam, and that after a comprehensive review in connection with that appeal, Pace affirmed Williams's failure of the Comprehensive Exam and informed her of this decision on June 5, 2014.

17. Pace denies the allegations in paragraph 17 of the Complaint, except admits that, in July 2014, a Masters of Arts in Media and Communication Arts degree was mailed to Williams in error, which Williams must have known, given that, on May 17, 2014, Dr. Luskay informed Williams that she could choose to walk at graduation, but that she would not receive her diploma until she passed the Comprehensive Exam, and that Williams could re-take the Comprehensive Exam in the Fall of 2014.

18.     Pace denies the allegations in paragraph 18 of the Complaint, except admits that, in August 2014, Williams sent Professor Paul Ziek a picture of a degree via text message and that, while Professor Ziek responded by congratulating her, he had responded without confirming the result of Williams's appeal or whether she re-took the Comprehensive Exam.

19.     Pace denies the allegations in paragraph 19 of the Complaint, except admits that Yulexi Arango, University Registrar, Office of Student Assistance, sent Williams a letter dated November 18, 2014, informing Williams that the degree was sent to her in error, and that such letter speaks for itself.

20.     Pace denies the allegations in paragraph 19 of the Complaint, except admits that Yulexi Arango, University Registrar, Office of Student Assistance, sent Williams a letter dated November 18, 2014 informing Williams that the degree was sent to her in error, that she had the opportunity to re-take the Comprehensive Exam on December 9, 2014, and that such letter speaks for itself.

21.     Pace denies the allegations in paragraph 21 of the Complaint.

22.     Pace denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore leaves Williams to her proof.

## FIRST CLAIM FOR RELIEF

23.     With respect to paragraph 23 of the Complaint, Pace hereby incorporates its answers to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24.     Because paragraph 24 of the Complaint states a legal conclusion, no response is required.  To the extent a response is required, Pace admits that Title VI generally prohibits race discrimination in programs and activities receiving federal financial assistance.

25. Based upon information supplied by Williams, Pace admits the allegations in paragraph 25 of the Complaint.

26. Pace denies the allegations in paragraph 26 of the Complaint.

27. Pace denies the allegations in paragraph 27 of the Complaint.

28. Pace denies the allegations in paragraph 28 of the Complaint.

29. Pace denies that Williams is entitled to the relief requested in the "WHEREFORE" clause after paragraph 28 on page 5 of the Complaint, or to any other relief.

## GENERAL DENIAL

Pace denies each and every allegation in the Complaint not specifically admitted herein.

## JURY DEMAND

While Williams's Complaint includes a demand for a trial by jury, she has no right to trial by jury under Title VI and, at the appropriate time, Pace will file a motion to strike her jury demand.

## DEFENSES

At this time, Pace asserts the following affirmative and other defenses to the claims in the Complaint:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Pace's decisions with respect to Williams and the grading of her Comprehensive Exam were based on legitimate and non-discriminatory reasons.

**THIRD DEFENSE**

Pace acted in good faith and without malice, willfulness or evil intent.

**FOURTH DEFENSE**

To the extent applicable, the individuals who made decisions with respect to Williams did not have records of discriminatory conduct.

**FIFTH DEFENSE**

Subject to proof through discovery, Williams's claims are barred in whole or in part by the doctrines of unclean hands, waiver and/or estoppel.

**SIXTH DEFENSE**

Any emotional distress allegedly suffered by Williams was not caused by Pace or its agents.

**SEVENTH DEFENSE**

Pace acted at all times in good faith and consistently maintained, implemented and enforced a policy against discrimination, including discrimination based on race, and otherwise exercised reasonable care to prevent and correct promptly any discrimination to which Williams claims she was subjected.  Williams unreasonably failed to take advantage of preventative and corrective opportunities provided by Pace or to avoid harm otherwise.

**EIGHTH DEFENSE**

Williams cannot prove any facts showing that Pace's conduct was the proximate cause of any of the damages alleged in the Complaint.

**NINTH DEFENSE**

Williams has failed in whole or in part to mitigate her purported damages.

**WHEREFORE**, Pace respectfully requests that the Court enter judgment (a) dismissing Williams's Complaint with prejudice; (b) awarding to Pace its attorneys' fees, costs, and expenses incurred in connection with this lawsuit; and (c) granting to Pace such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        March 4, 2015

                                                           CERASIA & DEL REY-CONE LLP

                                                           By  s/ Edward Cerasia II
                                                              Edward Cerasia II
                                                              Alison L. Tomasco
                                                          150 Broadway, Suite 1517
                                                          New York, New York 10038
                                                          646.525.4235
                                                          ed@cdemploymentlaw.com
                                                          alison@cdemploymentlaw.com

                                                          Attorneys for Defendant
                                                           *Pace University*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on March 4, 2015, the foregoing Answer and Defenses to Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following counsel of record for the plaintiff, as well as sent by email to such counsel:

>Stewart Lee Karlin, Esq.
>The Law Offices of Stewart L. Karlin, P.C.
>9 Murray Street, 4W
>New York, New York 10007

>s/ Alison L. Tomasco
>Alison L. Tomasco